United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11,<br><br>              Plaintiff,<br><br>   v.<br><br>ADRIEL TANSKI, et al.,<br><br>              Defendants.<br> | No. C-13-2100 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; AWARDING PLAINTIFF ATTORNEY'S FEES; VACATING JULY 19, 2013 HEARING** |

Before the Court is plaintiff's Motion to Remand Case to State Court, filed June 4, 2013. Defendants have filed opposition; plaintiff has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 19, 2013, and rules as follows.

In its complaint, filed in state court, plaintiff alleges a single claim, specifically, a state law claim for unlawful detainer. In their notice of removal, defendants assert the complaint is removable pursuant to 28 U.S.C. § 1441 because, they contend, plaintiff has not complied with the federal Protecting Tenants at Foreclosure Act ("PTFA") and/or the

1  PTFA essentially preempts state law, and, consequently, a federal question is presented.
2  Even assuming, however, plaintiff has violated the PTFA and that any such violation
3  constitutes a defense to the unlawful detainer claim, defendants are not entitled to remove
4  the complaint, because "federal defenses do not provide a basis for removal," see
5  Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987); Bank of New York Mellon v. Kiely,
6  2012 WL 4490870, at *2 (E.D. Cal. 2012) (remanding unlawful detainer complaint where
7  defendant removed based on plaintiff's alleged failure to comply with PTFA; holding
8  defense based on PTFA "cannot serve as a basis for removal jurisdiction") (internal
9  quotation and citation omitted), nor does the PTFA serve as a basis for preemption, see id.
10 (holding "PTFA is not a substitute for an unlawful detainer action"); see also K2 America
11 Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (holding, for
12 purposes of removal, "[f]ederal jurisdiction cannot hinge upon . . . counterclaims, whether
13 actual or anticipated").

14 Accordingly, the above-titled action will be remanded to state court.

15 In addition to seeking an order remanding the complaint, plaintiff seeks an award of
16 attorney's fees.  "An order remanding the case may require payment of just costs and any
17 actual expenses, including attorney fees, incurred as a result of the removal," see 28
18 U.S.C. § 1447(c), and an award of costs and expenses is proper where "the removing party
19 lacked an objectively reasonable basis for seeking removal."  See Martin v. Franklin Capital
20 Corp., 546 U.S. 132, 141 (2005).  Here, defendants lacked an objectively reasonable basis
21 for removal; it is "settled law that a case may not be removed to federal court on the basis
22 of a federal defense, including the defense of preemption, even if the defense is anticipated
23 in the plaintiff's complaint."  See Caterpillar, 482 U.S. at 393.[1]

24 //

---

[1] In their opposition, defendants argue the law is unsettled as to whether a private cause of action exists under the PTFA.  As set forth above, "the PTFA is not a substitute for an unlawful detainer action."  See Bank of New York Mellon, 2012 WL 4490870, at *2. Consequently, whether such private cause of action may exist has no bearing on the question of removal.  See id.; see also K2 America Corp., 653 F.3d at 1029 (holding counterclaims have no bearing on removal).

Accordingly, the Court finds plaintiff is entitled to its reasonable attorney's fees incurred in filing the instant motion, which fees, plaintiff has shown, total $315.00. (<u>See</u> Hood Decl. ¶ 4.)[2]

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's Motion to Remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Humboldt.

2. Plaintiff shall have judgment against defendants, jointly and severally, in the amount of $315.00, comprising the reasonable attorney's fees incurred by plaintiff as a result of the instant removal.

**IT IS SO ORDERED.**

Dated:  July 15, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] The Declaration of Nicholas G. Hood is attached to plaintiff's motion.